## BRISTOL HOTEL CO. v. PEARCE et ux.

### No. 2910.

Court of Civil Appeals of Texas. Beaumont.

April 2, 1936.

Huggins, Kayser & Liddell, of Houston, for appellant.

Wm. M. Nathan, of Houston, for appellees.

O'QUINN, Justice.

Appellees brought this suit in the justice court of precinct No. 1, Harris county, Tex., by·written petition wherein it was alleged that while appellees were guests in the San Jacinto Hotel in the city of Houston, which was then and there being conducted and operated by appellant Bristol Hotel Company, occupying room No. 518 in said San Jacinto Hotel as permanent guests, paying the regular charges as such, a watch belonging to them of the reasonable value of $200 and in their possession was taken from their possession by appellant and converted to its own use and benefit, to their damage in the sum of $200. They prayed for judgment against appellant for possession of said watch, and in the alternative judgment for its value of $200.

Appellant answered by general demurrer, general denial, and·specially the provisions of article 4592, R.S.1925. The case was tried to the court without a jury, and judgment rendered for appellant. This judgment was appealed by Pearce and wife to the county court at law No. 2 of Harris county, Tex. On trial in that court judgment was rendered for appellees in the sum of $50. This appeal is from that judgment.

The court filed his findings of fact and conclusions of law. The fact findings were incorporated in the judgment. They are, in substance: (a) That the Bristol Hotel Company complied with the provisions of article 4592, R.S.1925, wherefore its liability, if any, was limited to the sum of $50, and that neither of appellees tendered the watch to appellant for safe keeping; (b) that the watch belonged to Mrs. Pearce; that it was lost from her sleeping room unexplainedly; (c) that a hotel maid, Ollie, was in a room adjacent to Mrs. Pearce's sleeping room and had keys for entering Mrs. Pearce's room, and there was opportunity for said maid to have "possibly" taken and appropriated the watch; (d) that Mrs. Pearce reported to the hotel management the loss of the watch between 8 o'clock and 8:30 on the morning of its loss, and the housekeeper and manager of the hotel went to her room, and the negro maid was there, but was not searched; (e) that the failure to search the maid was negligence; (f) that

there was no evidence that the negro maid, Ollie, took the watch; (g) that Bristol Hotel Company was a hotel or inn within the meaning of article 4592, R.S.1925, and that appellees were guests in said hotel; (h) that the watch alleged to have been lost was at the time of its loss worth $160. And concluded that the appellees should have judgment in the sum of $50, and rendered judgment accordingly.

■■■ The judgment will have to be reversed. The suit is one for conversion of the watch by appellant. The prayer was for possession of the watch, or, in the alternative, for its value. The judgment is for damages for the loss of the watch because of the negligence of the hotel keeper. This judgment finds no support in the pleadings, nor is it supported by fact findings of the court.

Reversed and remanded.